FILED

2019 DEC 13  PM 12: 12

US DISTRICT COURT
MIDDLE DISTRICT OF FLORI..
ORLANDO, FLORIDA

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    Case No. 6:19-cv-

$361,407.00 in U.S. Currency,

    Defendant.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States brings this complaint and alleges upon information and belief, in accordance with Supp'l Rule G(2), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, as follows:

## NATURE OF THE ACTION

1.    This is a civil action *in rem* to forfeit to the United States, pursuant to 21 U.S.C. § 881(a)(6), approximately $361,407.00 in United States currency (Defendant Funds) seized from the Apopka, Florida residence of James Jarius Larris, III.

## JURISDICTION AND VENUE

2.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345, which provides the Court with jurisdiction over all civil actions commenced by the United States, and pursuant to 28 U.S.C. § 1355, which provides the Court with jurisdiction over actions to recover or enforce forfeitures.

3.    This Court has *in rem* jurisdiction over the Defendant Funds because venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395.

4.      Venue is proper in the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1395(b), because the Defendant Funds were found and seized in this district.

## THE DEFENDANT *IN REM*

5.      The Defendant Funds consist of approximately $361,407.00 in United States currency seized on February 12, 2019 from a residence occupied by James Jarius Larris, III during the execution of a lawfully obtained search warrant after law enforcement determined that there was probable cause to believe that the Defendant Funds constituted: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

6.      The Drug Enforcement Administration (DEA) took custody of the Defendant Funds, and the funds remain in the custody of the United States.  As set forth in Supp'l Rule G(3)(b)(i), the Clerk of Court must issue a warrant to arrest the Defendant Funds if they are in the government's possession, custody, or control.

## BASIS FOR FORFEITURE

7.      The Defendant Funds are subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because they constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an

exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

## FACTS

8.      The facts and circumstances supporting the forfeiture of the Defendant Funds have been provided by DEA Task Force Agent Edward Ferreira, who states as follows.

### Prior Shipment of Marijuana to Larris' Residence

9.      On May 12, 2018, the Orange County Sheriff's Office and United States Postal Inspector's Office identified a package that contained approximately 27 pounds of marijuana.  The package was addressed to James Larris at his residence in Apopka.  The sender was identified as a woman in San Francisco, California. California is a known source state for controlled substances. Postage for the parcel was paid for in cash. Drug traffickers usually pay cash when mailing drugs so as to avoid being connected to the drugs.

10.      Further investigation revealed that between January 31, 2018 and April 20, 2018, seven other parcels of similar weight (between 24-36 pounds) were mailed from Northern California to Larris' residence via express mail. Postage for each of the seven parcels were paid for in cash.

11.      In some of those transactions, additional parcels of similar weight were also mailed to an apartment in Gainesville, FL.  Upon additional investigation, it was determined that between December 11, 2017 and March 14, 2018, a total of five parcels were mailed from Northern California to the apartment in Gainesville.  One

of those parcels (mailed on March 14, 2018), was intercepted by the USPIO and found to contain approximately 27 pounds of marijuana. That parcel was addressed to Vonnie Owens.

12.     Additionally, between August 15, 2018 and October 26, 2018, four parcels were mailed from Johnstown, PA to the apartment in Gainesville.

### Facts Leading to the Search of Larris' Residence

13.     Thereafter, on the morning of February 12, 2019, a law enforcement officer at the Tradeport Drive FedEx facility in Orlando observed a package addressed to Larris' Apopka residence. The listed recipient of the package was Constance Pinkney, Larris' girlfriend. The sender was a male from Pennsylvania. Due to the prior shipment of marijuana destined for Larris' residence, law enforcement decided to track the delivery of the package.

14.     A United States Postal Service employee delivered the package to Larris' residence and placed it on the ground outside the front door. A short time later, the front door of the residence opened and a female pick up the package and brought it into the residence.

15.     Approximately 45 minutes later, officers noticed a female leaving the residence to smoke. Officers made contact with the woman, who was later identified as Vonnie Owens. Officers identified themselves and told Owens that they were there regarding a drug investigation. Officers asked Owens if she resided at the residence, and she said that she was only there to babysit her grandchildren.

16.     Owens said her daughter, Constance, was inside the residence and they

4

would have to talk to her.  Owens then walked to the front door and shouted for

Constance, who opened the front door.

17.     When Constance opened the front door, officers smelled marijuana

coming from inside the residence.  Constance stepped outside and closed the door

behind her.  Officers told Constance that they were there conducting a drug

investigation, at which point Constance said she needed to get her boyfriend.

18.     Constance then opened the door and called for her boyfriend, Larris, to

come to the door.  While the door was open, officers could again smell marijuana

coming from inside the residence.  Larris came to the door, stepped out of the house,

and closed the door behind him.  Officers then asked if they could speak with Larris

in private.

19.     After walking away from the women and identifying themselves,

officers told Larris they were there in reference to a drug investigation.  Larris

became irate and asked if he was under arrest and whether officers had a search

warrant.  Officers decided to obtain a warrant to search Larris' residence.  While an

officer wrote the warrant in his van outside the house, the occupants of the house

remained outside.

### Execution of Search Warrant

20.     During the execution of the search warrant at Larris' residence, agents

found approximately 50 grams of marijuana inside a box on the air conditioner

handler in the garage.  See below:





21.    During the search agents also found an AR-15 rifle and a loaded Taurus 9mm handgun in the closet in first floor bedroom:





22. Also found in the closet where the firearms were found, was a Louis Vuitton[1] duffle bag full of currency (the currency was banded together with rubber bands and sealed in vacuum sealed bags):



---

[1] Louis Vuitton is a luxury designer. Its products can be purchased at stores such as Neiman Marcus.



23.    Large amounts of currency was found throughout the residence:









24.    Agents also found a money counter in the residence:



25.    Officers also found the following items in the residence:

a.      Ammunition;

b.      A First Class ticket dated January 25, 2019 in Larris' name for travel from San Francisco;

c.      A receipt from a Walmart in Eureka, California dated January 24, 2019 (for approximately $65.00 in packaging materials paid for in cash);

d.      Rubber bands (similar to the rubber bands used to bundle some of the currency found in the residence);

e.      Numerous vacuum sealed bags;

f.      Shipping boxes; and

g.      A vacuum sealer.

26.     Larris was later arrested and charged with possession of marijuana over 20 grams, possession of marijuana with intent to sell/deliver, and resisting an officer without violence. After he was told he was being arrested, he stated "[m]an, all that money I gave Orange County and you are going to charge me with resisting."[2]

27.     The total amount of currency seized from the residence was $361,407.00. The denomination break-down is as follows:

|       |            |
| ----- | ---------- |
| 1,055 | $100 Bills |
| 996   | $50 Bills  |
| 9,900 | $20 Bills  |
| 582   | $10 Bills  |

---

[2] The drug charges were subsequently dismissed, and Larris entered into a diversion program as a result of the resisting offense.

|     |          |
|-----|----------|
| 425 | $5 Bills  |
| 25  | $2 Bills  |
| 112 | $1 Bills  |

28.     According to Florida Wage and Hourly Reports, Larris' reported wages were as follows:

2014 – $9,815.39

2015 – $4,707.00

2016 – $1,518.75

2017 – no reported income.

2018 – no reported income.

2019 – no reported income.

29.     For the reasons stated above, probable cause exists to believe that the Defendant Funds are subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6).

## CONCLUSION

30.     As required by Supp'l Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, probable cause exists to believe that the Defendant Funds constitute: (1) money furnished or intended to be furnished by a person in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation

13

of the Controlled Substances Act and are therefore subject to forfeiture pursuant to

21 U.S.C. § 881(a)(6).

WHEREFORE, pursuant to Supp'l Rule G, Plaintiff United States

respectfully requests that process of forfeiture be issued against the Defendant Funds;

that due notice be given to all interested parties to appear and show cause why the

forfeiture should not be decreed; that the Defendant Funds be forfeited to the United

States for disposition according to law; and that the United States have such other

and further relief as this case may require.

Dated: December 13, 2019          Respectfully Submitted,

MARIA CHAPA LOPEZ
United States Attorney


By:  _____
NICOLE M. ANDREJKO
Assistant United States Attorney
Florida Bar Number 0820601
400 W. Washington St., Ste. 3100
Orlando, Florida 32801
(407) 648-7500 – telephone
(407) 648-7643 – facsimile
E-mail: nicole.andrejko@usdoj.gov

## <u>VERIFICATION</u>

I, Edward Ferreira, hereby verify and declare under penalty of perjury, that I am a Task Force Officer with the Drug Enforcement Administration, and pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *in Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge and belief.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case together with other DEA Special Agents and Task Force Officers.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Executed this <u>12</u> day of December, 2019.

Edward Ferreira, Task Force Officer
Drug Enforcement Administration

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS

$361,407 in U.S. Currency

County of Residence of First Listed Defendant   Orange
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | | [ ] 840 Trademark | [ ] 460 Deportation |
| | | [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | | [ ] 751 Family and Medical Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| | | | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1  Original Proceeding
- [ ] 2  Removed from State Court
- [ ] 3  Remanded from Appellate Court
- [ ] 4  Reinstated or Reopened
- [ ] 5  Transferred from Another District *(specify)*
- [ ] 6  Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. 881(a)(6)

Brief description of cause:
proceeds traceable to and/or money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 & 846

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*   JUDGE _____   DOCKET NUMBER _____

DATE   12/13/19

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____